THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADFORD L. BENTLEY,<br><br>                    Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                    Defendant. | No. 2:17-cv-00533-JCC<br><br>**WELLS FARGO'S MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF DOUGLAS MINOR UNDER *DAUBERT* AND FED. R. EVID. 702**<br><br>NOTED ON MOTION CALENDAR:<br><br>APRIL 12, 2019<br><br>ORAL ARGUMENT REQUESTED |

## I.  INTRODUCTION

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[1] the U.S. Supreme Court stressed the district court's gatekeeping role to ensure that expert testimony is reliable. The insistence on reliability helps to ensure the integrity of the judicial process. Plaintiff has presented the report of Douglas Minor as an expert on the Fair Credit Reporting Act, credit, and damages.

Plaintiff cannot save his claim with the proposed expert report of Douglas Minor. The report should be stricken on multiple grounds: (1) It was untimely, undisclosed and threadbare; (2) it failed to meet the essential tenants required by *Daubert* and Fed. R. Evid. 702; (3) it is undermined and rendered unreliable as a matter of law because it is premised on the indisputably

---

[1] 509 U.S. 579, 597, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 1

105727.1823/7598358.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

false assumption that plaintiff never paid the HELOC late--with that keystone removed, Plaintiff's theory of damages collapses; (4) Mr. Minor presented damages that are unavailable as a matter of law; (5) Mr. Minor failed to present any discernable methodology for his damages categories, which are speculative and without support; and (6) Mr. Minor presents testimony on ultimate conclusions of law, which are not premised on any evidence and improperly usurp the role of the fact finder. For these reasons, Wells Fargo moves to exclude Mr. Minor's report in its entirety.

## II.     ISSUE FOR DECISION

Under *Daubert* and Fed. R. Evid. 702, and for the reasons outlined above, the Court should fulfill its gatekeeping function and exclude Mr. Minor's expert report and testimony where they are admittedly based on a false assumption, undermining the reliability of Mr. Minor's damages theories; present damages unavailable as a matter of law; and offer no evidence or methodology for reaching conclusions.

## III.     THE EVIDENCE

**A.     Mr. Minor's Report Was Undisclosed and Untimely.**

Wells Fargo requested that Plaintiff disclose his expert's names and the bases of their opinions. Decl. of Per Jansen ("Jansen Decl.") Ex. 1 (Plaintiff's response to Defendant's Interrogatory No. 4). Plaintiff did not disclose Mr. Minor in discovery responses regarding experts dated May 5, 2018. He disclosed only that a "Steve Howley" reviewed Plaintiff's bank file. *Id.* Plaintiff did not disclose what subjects Mr. Howley, or any other expert, would testify on. *Id.* Mr. Minor's report states that he reviewed a completely different set of documents than Howley, including credit reports, correspondence with credit firms, and "Emails." Jansen Decl. Ex. 2 ("Minor Report") at 9. Plaintiff did not disclose Mr. Minor as his expert until January 24, 2019, the day before he sent the report. ECF No. 22-1 at 33 (e-mail to defense counsel). The report had no exhibits attached to it, despite referencing certain documents. Minor Report at 9

Plaintiff submitted Minor's report in an untimely fashion and for that reason alone it should be excluded. *See* Wells Fargo's Mot. for Disc. Sanctions, ECF No. 21 at 4-6 (citing Decl.

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 2

105727.1823/7598358.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1  of David C. Spellman, ECF No. 22).

**B.     Many of Plaintiff's Loans Were for Business Purposes.**

Mr. Minor assigns FCRA damages to the failure to secure an Umpqua Bank "Small Business Loan Application." Jansen Decl. Ex. 3. Plaintiff did not even apply for that loan. Jansen Decl. Ex. 4. Plaintiff's contact at Umpqua admits to never even pulling Plaintiff's credit report. Jansen Decl. Ex. 5. The U.S. Bank loan Mr. Minor opines on is a business loan as well. Jansen Decl. Ex. 6. Plaintiff also admitted that the mortgage refinance opportunity with Mortgage Specialists was business-related. Jansen Decl. Ex. 7 (asking Mortgage Specialist if changes to his credit score would "prevent [him] from conducting my business?"); Jansen Decl. Ex. 8 (list of business mortgages).

**C.     The Substance of Mr. Minor's Report.**

Mr. Minor states unequivocally that his opinions and damages calculations are contingent upon Plaintiff "having made his payments on time during the period in which the derogatory reporting was made by Wells Fargo to the three major credit bureaus." Minor Report at 14. But it is undisputed that Plaintiff was late on his balloon payment before and after Wells Fargo began considering a loan modification. *See* Decl. of Stephanie N. Bradford in Support of Wells Fargo's Mot. for Sum. Judg. ("Bradford Decl."), ECF No. 36, Exs. 2; 12; 13; & 16. Mr. Minor further concedes the speculative and contingent nature of Plaintiff's damages when he states that a dispute narrative "could" cause Plaintiff problems "if" he were to apply for a mortgage. Minor Report at 16, 17.

Mr. Minor states that there are "various methods and approaches used in calculating and quantifying credit damages[,]" and that "the methods used by different experts can vary." *Id.* at 14. But Minor does not go on to describe these methodologies or the different approaches considered by different experts; he instead proceeds only to list damages with no supporting methodology or analysis.

Mr. Minor offers a conclusory opinion on the standard of care he believes Wells Fargo

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 3

105727.1823/7598358.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

should abide by. *Id.* at 16 ("The Defendant (Wells Fargo) in this case knew or should have known that reporting the HELOC account as past due would have a negative impact on Bentley's credit profile and scores."). Mr. Minor also offers a conclusory opinion on causation. *Id.* ("The Defendant's reporting of Bentley's payment history was not consistent with the monthly payments he had been making to them and at all times should have been reported as to the Credit Reporting Resource Guide® – Metro 2 format."). Mr. Minor also offers his opinion that Wells Fargo violated the Fair Credit Reporting Act on one hundred and eleven occasions, and reaches a conclusion on statutory damages without analysis. *Id.* at 18.

Mr. Minor offers an opinion on a damages category entitled "Lost access to capital." *Id.* Under the "methodology" subheading, Mr. Minor only lists documents. *Id.* Here, Mr. Minor asserts baldly that Plaintiff suffered $250,000 in damages due to a loan application with Umpqua Bank that in fact was never submitted and a second application with U.S. Bank. *Id.*

Under the damages category entitled "Time, energy dealing with problem," Mr. Minor multiplies Plaintiff's alleged hourly rate of income by the estimated number of hours Plaintiff alleges he has spent "deal[ing] with the problem." *Id.* at 19. Mr. Minor presents no special methodology, knowledge, or experience for reaching this damages conclusion.

For the final damages category, Mr. Minor presents "Lost Mortgage refinance opportunity on 808 3rd Ave. North Seattle WA with Mortgage Specialists." *Id.* Here Mr. Minor assumes a mortgage refinance opportunity on specific terms and reaches a damages conclusion of $388,202.40 by simply multiplying $1,078.34 by 360 months, with no explanation, justification, or methodology for reaching that number, and no justification why the number represents Plaintiff's damages.

### IV. ARGUMENT

**A.  Mr. Minor's Opinions Fail the *Daubert* Test and Violate Fed. R. Evid. 702.**

Fed. R. Evid. 702 only permits expert testimony where "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 4

105727.1823/7598358.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

fact in issue . . . ." The testimony must also be relevant and reliable; expert testimony is only relevant if the knowledge underlying it "has a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149, 119 S. Ct. 1167 (1999) (quoting *Daubert*, 509 U.S. at 592). The court is to act as the gatekeeper, excluding "junk science" that does not meet the reliability standards under Rule 702. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142, 118 S. Ct. 512 (1997).

An expert may testify only "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Tubar v. Clift*, No. C05-1154-JCC, 2009 WL 1325952, at *1 (W.D. Wash. May 12, 2009) (citing Fed. R. Evid. 702). When determining reliability and admissibility under Rule 702 and *Daubert*, a court should consider the relationship of the proffered technique to methods that have been established to be reliable. 509 U.S. at 592-94. The party seeking to introduce the expert bears the burden of proving admissibility. *Thompson v. Whirlpool Corp.*, No. C06-1804-JCC, 2008 WL 2063549, at *3 (W.D. Wash. May 13, 2008). Procedural and substantive reasons justify exclusion.

    **1.**    **Mr. Minor's Report is Untimely and Offers Testimony on Undisclosed Subjects in Violation of Fed. R. Civ. P. 26.**

    **a.**    *The Report is Untimely.* As shown in Wells Fargo's motion for discovery sanctions, ECF No. 21, Plaintiff's expert report was admittedly untimely, and submitted in contravention of the Court's stipulated scheduling order and well after the time Wells Fargo had any opportunity to prevent prejudice. Thus it should be excluded. *See* Fed. R. Civ. P. 37.

    **b.**    *Plaintiff Did Not Disclose That Mr. Minor Would Testify on Any Topic, Let Alone on Causation.* Plaintiff never disclosed Mr. Minor in discovery responses; in discovery responses dated May 5, 2018, he disclosed only that a "Steve Howley" reviewed Plaintiff's bank file. Jansen Decl. Ex. 1. *See Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1160 (E.D. Wash. 2009) ("Knowing the identify [sic] of the opponent's expert witnesses

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 5

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

105727.1823/7598358.1

1  allows a party to properly prepare for trial."). This was despite Wells Fargo's request that
2  Plaintiff disclose his expert's names, the basis of their opinions, and other required expert
3  disclosures. Jansen Decl. Ex. 1. Plaintiff's counsel did not disclose Mr. Minor until January
4  24, 2019, well after the court-ordered deadlines had passed. By failing to properly disclose
5  this information, Plaintiff failed to respond to Wells Fargo's interrogatory *and* violated Fed.
6  R. Civ. P. 26(a)(2)(B)(i)—(vi).[2]

7  These failures justify exclusion. By disclosing that Hawley reviewed Plaintiff's loan
8  file with Wells Fargo, Plaintiff implied that the expert would testify on topics evidenced by
9  the file, such as causation.[3] Instead, Mr. Minor reviewed documents relating to damages. *See*
10 *Adan v. Insight Investigations, Inc.*, No. 16-CV-2807-GPC-WVG, 2017 WL 4244877, at *3
11 (S.D. Cal. Sept. 25, 2017) (striking portions of expert report pertaining to damages where that
12 expert was disclosed to testify only in regard to compliance); *Henricksen*, 605 F. Supp. 2d at
13 1160 (excluding witnesses "not disclosed by Plaintiffs as expert witnesses on any subject").

**2. Mr. Minor's Opinion is Unreliable Because It is Admittedly Based on an Indisputably False Assumption Which Negates Plaintiff's Damages; and Offers No Methodology for Reaching Conclusions.**

16 Where an expert's report is unreliable, it is the court's gatekeeping function to exclude
17 it from evidence. *See Daubert*, 509 U.S. at 597. Mr. Minor's opinion is unreliable as a matter
18 of law because it is entirely premised on the undeniably false assumption that Plaintiff was
19 timely on the payments for his loan; and because Mr. Minor offers only speculation on
20 damages, without any discernable method.[4]

---

[2] On March 6, 2019 Plaintiff's counsel belatedly disclosed the documents Mr. Minor reviewed in forming his opinions.

[3] Indeed the report itself has no attached exhibits, and sparingly refers to any specific document for facts. This is an independent reason to exclude it. *Cf. Pittard v. Watkins Assoc. Indus.*, 990 F. Supp. 1444, 1450 (N.D. Ga. 1997) (expert reports that "refer to massive amounts of documents as the basis for the opinions which are expressed in vague terms, with few specific references and no exhibits provided" insufficient).

[4] Another district court reached the same conclusion in regards to Mr. Minor's reliability. *See* Jansen Decl., Ex. 9 (Order in *Williams v. Wells Fargo Bank, N.A.*, 5:13-cv-03387-EJD, Dkt.
(continued . . .)

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 6

105727.1823/7598358.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

**a.     *Mr. Minor's Report Is Admittedly Based on the Indisputably False Assumption that his Payments Were Timely*.** An expert's opinion as to damages must be causally related to the alleged harm, and if it is not, the expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record. *Guidroz-Brault v. Mo. Pac. R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); *Tyger Constr. Co. v. Pensacola Constr. Co.,* 29 F.3d 137, 142 (4th Cir. 1994).

Mr. Minor renders his entire report speculative by admitting that his damages estimates are based on the assumption that all Plaintiff's payments were timely for every single allegedly derogatory credit report. *See* Minor Report at 14. This is flatly rejected by the record. Business records show Plaintiff was untimely on his balloon payment in September 2016, and subsequent payments. Bradford Decl., ECF No. 36, Exs. 2; 12; 13; & 16.

Since the record contradicts Mr. Minor's admitted assumption, the "expert's opinion should be excluded." *Tyger,* 29 F.3d at 142. There is no reliability in opinion that does not reflect the record and where damages are not "causally related to the alleged harm." *Id.*

**b.     *Mr. Minor Admits He Does Not Know if Any Reporting Was Inaccurate*.** Mr. Minor opines that "[a]ssuming that any of the information being reported during or after September 2015 was inaccurate, the Defendants would be in violation of [FCRA] and subject to damages." Report at 16. First, this mischaracterizes the law, justifying exclusion. Damages are only available if a furnisher fails to *reasonably investigate* an allegedly false report—inaccurate information is not an automatic violation. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). Second, Mr. Minor admits that *he does not know* if there was inaccurate reporting—he simply *assumes* so. He admits to not reviewing any consumer dispute or data forms (Report at 16)—the critical reports used by agencies to describe

---

(. . . continued)
No. 149, at *2 (N.D. Cal. July 25, 2017) (Davila, J.) (excluding Mr. Minor's untimely proposed expert report for being based on "unreliable methodology").

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 7

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

105727.1823/7598358.1

inaccurate data. *Id.* He has no basis for assigning liability or damages, and is unaware if Wells Fargo provided inaccurate information at all, let alone negligently or willfully. This total failure to reliably connect facts to conclusions justifies exclusion.

**c.    *Mr. Minor's Report Offers No Discernable Methodology for Reaching His Damages Conclusions.*** "As a prerequisite to making the Rule 702 determination that an expert's methods are reliable, the court must assure that the methods are adequately explained." *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002). "Scrutiny of expert testimony is especially proper where it consists of 'an array of figures conveying a delusive impression of exactness in an area where a jury's common sense is less available than usual to protect it.'" *Tyger*, 29 F.3d at 145 (quoting *Herman Schwabe, Inc. v. United Shoe Mach. Corp.*, 297 F.2d 906, 912 (2d Cir. 1962)).

Mr. Minor's report lacks any sort of discernable methodology for reaching any of his damages conclusions; thus this is not an instance of methodological disagreement, but of an attempt to enter into evidence a report with a wholesale lack of an explanation of process for arriving at damages figures. *See Gentry v. Almattrerese Investments, L.L.C.*, 2005 WL 6157093, at *2–3 (E.D. Mo. June 13, 2005) (excluding FCRA expert "opinions . . . based on insufficient data [which] are the product of subjective beliefs and unsupported speculations rather than reliable principles and methods").

*Gentry* is exactly on point. There, the court found that, even if the proposed credit expert had gained knowledge through experience that "certain information which appears on a consumer's credit report can adversely affect that person's ability to obtain credit," the expert still had to "accurately calculate how and to what degree a consumer's credit will be damaged by any particular negative situation surrounding financing." *Gentry,* 2005 WL 6157093, at *3. By failing to offer assessments of particular negative credit situations, the expert was unable to convince the court that he could "calculate monetary damages purportedly suffered by the consumers themselves." *Id.* (rejecting credit-damages expert's report as "purely speculative").

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 8

105727.1823/7598358.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

For his statutory damages statement, Mr. Minor cites no documents, performs no analysis, and offers no methodology for his bald conclusion that one hundred and eleven FCRA violations exist. He offers no testimony or evidence to decide where on the scale the statutory damages should lie, and offers no opinion on whether the violations are willful, as required for a statutory finding violation. *See Macro Niche Software, Inc. v. 4 Imaging Sols., L.L.C.*, 2013 WL 12140417, at *4 (S.D. Tex. Dec. 18, 2013) (striking expert's testimony on statutory damages where no personal knowledge on willfulness).

In evidencing a $250,000 claim for "lost access to capital," Mr. Minor offers only two lines of explanation, and rather than purported methodology, only cites a few emails that are not included in the report. There is no discussion whatsoever at how he arrives at a $250,000 figure for damages; why a dollar of a lost loan is equivalent to a dollar of actual damages; or whether Plaintiff actually incurred damages based on **unsubstantiated** loan applications.

The $27,634 claim for "time and energy" is similarly flawed. Mr. Minor only regurgitates Plaintiff's hourly rate of pay by the number of hours Plaintiff allegedly spent dealing with credit problems allegedly caused by Wells Fargo. There is no method present here, and no evidence beyond Plaintiff's own testimony, which he is fully capable of presenting. Mr. Minor's opinion does not help the finder of fact with specialized knowledge, and only places the imprimatur of an expert on mundane, lay damages. *Valenzuela v. Equifax Info. Servs. LLC*, 2015 WL 6811585, at *3 (D. Ariz. Nov. 6, 2015) (rejecting proposed credit expert's testimony on "time and energy damages" where plaintiff could offer testimony).

Mr. Minor offers no reasoning at how he arrives at a calculation of $388,202.40 for a lost mortgage refinance opportunity. He merely presents a simple arithmetic formula ($1,078.34 x 360 months) with no explanation of what figures are appropriate, why the formula is proper, or even how the number he arrives at is "damage" suffered by Plaintiff. It is simply "an array of figures conveying a delusive impression of exactness" without any technical explanation of why he arrived at the figure. *Tyger*, 29 F.3d at 145.

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 9

105727.1823/7598358.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

An expert cannot merely posit numbers and claim they are damages. Mr. Minor's report "is simply a series of conclusions offered without any explanation as to his bases or reasoning. That, of course, runs afoul of the provisions of [Rule] 26(a)(2)(B)." *Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 857 (E.D. Va. 2017) (excluding unreliable FCRA expert).

"If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 Advisory Cmt. Notes (2000). Mr. Minor's total lack of methodology, and his failure to connect facts and data to damage outcomes, proves he is unqualified as an expert.

### 3. Mr. Minor's Approach is Contrary to Law Because He Assigns Business and Commercial Damages and Offers Legal Conclusions.

Expert opinions that are contrary to law are inadmissible. *Holtshouser v. United States*, 595 F. App'x 687, 689 (9th Cir. 2014); *Hero Nutritionals LLC v. Nutraceutical Corp.*, 2013 WL 12139117, at *2 (C.D. Cal. Jan. 9, 2013) (noting courts' "necessary role as gatekeeper to avoid improper damages claims being presented"); *Bailey v. Allgas, Inc.*, 148 F. Supp. 2d 1222, 1245-46 (N.D. Ala. 2000). Such opinions are "not an 'expert' opinion, but rather a personal opinion about what damages [Mr. Minor] believes should apply." *In re Diet Drugs Products Liability Litig.*, 2001 WL 454586, at *18 (E.D. Pa. Feb. 1, 2001).

**a.** ***Damages to Business or Commercial Interests Are Disallowed Under FCRA.*** Mr. Minor's report encompasses damages that are solely business-related, which are not recoverable under FCRA;[5] his opinions and damages testimony should be excluded. Plaintiff's Umpqua loan was a "Small Business Loan Application." Jansen Decl. Ex. 3. The U.S. Bank loan appears to be a business loan as well. Jansen Decl. Ex. 6. Plaintiff admitted

---

[5] Mr. Minor has presented himself as a FCRA and credit expert, and his lost credit opportunity analysis is based entirely on the FCRA statute. His report contains no analysis, credentials, qualifications, or experience in breach of contract damages or Consumer Protection Act, RCW 19.86 *et seq.* damages. *See* Fed. R. Civ. P. 702. His credit opportunity damage opinions are inapplicable to other causes of action and should be excluded.

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 10

105727.1823/7598358.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1  that the loan opportunity with Mortgage Specialists was business-related. Jansen Decl. Ex. 7
2  (asking Mortgage Specialist employee if changes to his credit score would "prevent [him from
3  conducting my business?"); Jansen Decl. Ex. 8 (listing rental business mortgages).

4       But "damages flowing from the use of a credit report for a business or commercial
5  transaction are not recoverable under the FCRA." *Boydstun v. U.S. Bank Nat'l Ass'n ND*, 187
6  F. Supp. 3d 1213, 1214 (D. Or. 2016), *aff'd,* 726 F. App'x 601 (9th Cir. 2018) (striking expert
7  opinion on damages caused to business interests). Since the law protects "consumer[s]," *id.*
8  (citing 15 U.S.C. § 1681a(c)), FCRA "does not provide protection for business entities[.]" *Id.*
9  (citing *Wisdom v. Wells Fargo Bank NA*, 2012 WL 170900, at *2 (D. Ariz. Jan. 20, 2012)).

10       Plaintiff's alleged lost access to capital damages, Minor Report at 18, are entirely
11  based on lost business opportunities. They are unrecoverable under FCRA and should be
12  excluded. *Boydstun*, 187 F. Supp. 3d at 1214. Further, Plaintiff's alleged damages resulting
13  from the failure to refinance his rental property mortgages are related to business damages as
14  well. Jansen Decl. Ex. 6. Since Plaintiff engages those credit opportunities as a commercial
15  transaction seeking profit, they are unrecoverable under FCRA and should be excluded.
16  *Boydstun*, 187 F. Supp. 3d at 1218 (citing *Grigoryan v. Experian Info. Solutions, Inc.*, 84
17  F. Supp. 3d 1044, 1081–82 (C.D. Cal. 2014) ("[A]ny credit report ..., was for a 'business
18  purpose,' i.e., purchasing, improving, and reselling homes. It is therefore not deemed a
19  consumer credit report for purposes of the FCRA[.]")).

20       **b.** *Mr. Minor Offers Opinion on Improper Speculative Lost Opportunity*
21  *Damages*. Where a loan application is not actually sent, "any damages related to lost credit
22  offers, . . . or lost opportunities to refinance [a] mortgage are purely speculative and not
23  recoverable." *Lee v. Sec. Check, LLC*, No. 3:09-CV-421-J-12TEM, 2010 WL 3075673, at *13
24  (M.D. Fla Aug. 5, 2010) (citing *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 475 (2d
25  Cir. 1995)). Mr. Minor's report contains the Umpqua loan, which was never sent. Jansen
26  Decl. Ex. 4. Umpqua never pulled Plaintiff's credit. Jansen Decl. Ex. 5.

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 11

105727.1823/7598358.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

"Lost opportunity damages this speculative" are legally unavailable. *Robbins v. CitiMortgage, Inc.*, No. 16-CV-04732-LHK, 2017 WL 6513662, at *18 (N.D. Cal. Dec. 20, 2017) (citing *Navellier v. Sletten*, 262 F.3d 923, 939 (9th Cir. 2001)). There is no nexus to the allegedly false credit reports. Testimony on the Umpqua loan should be excluded.

      **c.**    *Mr. Minor's Opinion Improperly Conflates Actual and Statutory Damages.* Mr. Minor's report lists both statutory damages and alleged actual damages. For FCRA claims under a negligence standard, a plaintiff may recover actual damages. 15 U.S.C. § 1681o(a)(1). If willful violations occur, a plaintiff may seek "any actual damages sustained by the consumer as a result of the failure *or* [statutory] damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A) (emphasis added). Thus, no single damages calculation should sum both statutory and actual damages.

Yet this is precisely what Mr. Minor's report does. Mr. Minor supposes one hundred and eleven FCRA violations (again without providing any analysis or factual support) for a total range of $11,000 to $110,000 for statutory damages. Minor Report at 18. Mr. Minor then proceeds to sum these statutory damages with his calculated actual damages, offering a "total damages range" of "$676,836 to $775,836." Minor Report at 19. The report unreliably, inaccurately, and prejudicially conflates two mutually-exclusive categories of damages.

Further, Mr. Minor provides no analysis, data, methodology, or factual support to conclude that any of Wells Fargo's actions were willful and thus subject to statutory damages. *See Macro*, 2013 WL 12140417, at *4. Opinion on statutory damages should be excluded.

      **d.**    *Mr. Minor's Inappropriate Legal Conclusions Should be Excluded.* "An expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). Mr. Minor offers several conclusory statements that invade the province of the fact-finder and present legal conclusions. *See* Minor Report at 16 (stating that Wells Fargo "knew or should have known" that its actions would damage Plaintiff).

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 12

105727.1823/7598358.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Mr. Minor also reaches a legal conclusion on statutory damages by offering without analysis that Wells Fargo violated FCRA on one hundred and eleven occasions, and basing damages off this estimate. *Id.* at 18. This legal conclusion is tantamount to conclusively instructing the fact-finder that Wells Fargo violated the FCRA one hundred and eleven times as a matter of law. *Macro*, 2013 WL 12140417, at *4 (striking expert's testimony on statutory damage violations as improper legal conclusion). This prejudicial legal conclusion, offered without any factual analysis or consideration of the willfulness standard for statutory damages, should be struck. *Id.* (excluding where expert did not address willfulness).

    **e.** *Any Testimony on Emotional Distress is Improper.* Plaintiff has voluntarily dismissed his emotional distress and humiliation damages. ECF No. 14. The Court should exclude Mr. Minor from offering any testimony on these subjects, as they are irrelevant as a matter of law, and thus any testimony would be unfairly prejudicial under Fed. R. Evid. 403.

## V.    CONCLUSION

Mr. Minor's report is untimely; unreliable; based on a false assumption; and offers numerous opinions that violate substantive law. Wells Fargo's motion should be granted and Mr. Minor should be excluded from trial, hearing, or motion.

DATED: March 26, 2019.

LANE POWELL PC

By: */s/ Per D. Jansen*
    Rudy A. Englund, WSBA No. 04123
    Pilar C. French, WSBA No. 3330
    Per D. Jansen, WSBA No. 49966
*Attorneys for Defendant Wells Fargo Bank, N.A.*

1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7735
E-mail: jansenp@lanepowell.com

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 13

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

105727.1823/7598358.1

**CERTIFICATE OF SERVICE**

Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on March 26, 2019, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

John H. O'Rourke, Esq.
Law Office of John H. O'Rourke
2101 Fourth Ave., Suite 2200
Seattle, WA 98121
E-Mail: johnhorourke@comcast.net

David C. Spelllman, Esq.
Buchalter PC
1420 5th Avenue, Ste. 3100
Seattle, WA 98101
E-Mail: dspellman@buchalter.com

Executed on the 26th day of March 2019, at Seattle, Washington.

*s/Kathryn Savaria*
Kathryn Savaria, Legal Assistant

WELLS FARGO'S MOTION TO EXCLUDE THE
REPORT AND TESTIMONY OF DOUGLAS MINOR . . .
NO. 2:17-cv-00533-JCC - 14

105727.1823/7598358.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107