THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADFORD L. BENTLEY, | CASE NO. C17-0533-JCC |
| Plaintiff, | ORDER |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for discovery sanctions and relief from case schedule deadlines including trial date (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I.  BACKGROUND**

In September 2005, Plaintiff purchased a mortgage loan (the "Loan") from Mylor Financial Group. (Dkt. No. 2 at 19.) Defendant was assigned the deed of trust in December 2015, and Plaintiff was notified that Defendant was the servicer of the Loan. (*Id*.) Plaintiff made timely payments on the Loan until September 2015, when a "balloon payment" on the Loan was coming due as the Loan's promissory note was reaching maturity. (*Id*. at 20.) Plaintiff obtained a determination of eligibility from Defendant, who directed him to make monthly good faith payments. (*Id*.) Plaintiff alleges that although he made good faith payments to Defendant, the

modification of the Loan was terminated and Defendant transmitted derogatory information about Plaintiff's payment history to credit reporting agencies, thereby impairing his credit. (*Id.*)

In September 2016, Plaintiff filed a *pro se* lawsuit against Defendant for negligent infliction of emotional distress, defamation, and violation of the Washington Consumer Protection Act ("CPA"), Revised Code of Washington section 19.86. (*Id.* at 7.) Plaintiff did not serve Defendant with the suit. (Dkt. No. 17 at 3.) In December 2016, the parties negotiated a settlement; Plaintiff paid off the Loan, the derogatory credit information was removed from Plaintiff's credit history, and Defendant re-conveyed the deed of trust. (Dkt. Nos. 2 at 20, 17 at 3.)

In March 2017, after Plaintiff retained his present counsel, Plaintiff sued Defendant in state court for infliction of emotional distress, violation of the Washington Consumer Protection Act ("CPA"), Revised Code of Washington section 19.86, and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. (Dkt. No. 2 at 20–21.)[1] On April 5, 2017, Defendant removed the suit to this Court. (Dkt. No. 1.) On October 23, 2018, the parties stipulated to a discovery plan that required Plaintiff to: provide an initial damages calculation by October 26, 2018; supplement his discovery production to include his efforts to mitigate or diminish his damages and provide an expert report and final damages calculation by November 2, 2018; and to make his expert available for a deposition during the week of November 12, 2018. (Dkt. No. 16-1 at 2.) Plaintiff was also required to attend mediation on November 7 or 8, 2018. (*Id.*)

Plaintiff failed to comply with the parties' stipulated schedule. One day prior to the parties' scheduled mediation, Plaintiff notified Defendant that he had retained Doug Minor as a credit reporting damages expert and that Plaintiff would provide a damages calculation later. (Dkt. No. 17 at 4.) The parties mediated on November 7, 2018 but were unable to resolve the

---

[1] Plaintiff has since voluntarily dismissed his claim for infliction of emotional distress and waived any claims for damages based on emotional distress and humiliation. (Dkt. No. 14.)

case. (*Id.*)

On November 9, 2018, the parties filed a stipulated motion regarding alternative dispute resolution. (Dkt. No. 16.) The parties stipulated to continuing the trial date and stated that an additional mediation session would be productive. (*Id.* at 1.) The stipulation stated that Plaintiff's expert report was "due no later than November 21, 2018." (*Id.*) The Court granted the parties' stipulated motion and continued the trial date to March 2019. (Dkt. No. 18.)

Plaintiff failed to provide his expert report by November 21, 2018. (Dkt. No. 21 at 5.) In an email dated December 11, 2018, Defendant's counsel noted that he was unable to get in contact with Plaintiff's counsel between November 9 to December 10, 2018. (Dkt. No. 22-1 at 34.) Defendant's counsel also stated that Plaintiff had represented that his expert report would be provided shortly before Christmas in 2018. (*Id.*) Defendant proposed that Plaintiff make his expert available for deposition during the week of January 7, Defendant's reports would be due January 16, and the parties would mediate in early February. (*Id.*)

Plaintiff did not respond until January 24, 2019. (*Id.* at 33.) Plaintiff stated that Minor was finalizing his report, and that Plaintiff should have the report for Defendant by the next day. (*Id.*) On January 25, 2019, Plaintiff's attorney emailed Minor's report to Defendant's counsel. (Dkt. No. 21 at 6.) Minor's damages calculation was significantly higher than Plaintiff's previous estimates and does not provide methodologies for certain calculations. (*See* Dkt. No. 22-1 at 57–58.) On January 31, 2019, Defendant moved for discovery sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 37. (Dkt. No. 21 at 7.)[2,3] On February 20, 2019, the Court

---

[2] Plaintiff filed a demand for jury trial on December 17, 2018, approximately six months after this matter was set for a bench trial. (Dkt. Nos. 11, 19.) Defendant moves to strike Plaintiff's jury demand as untimely. (Dkt. No. 21 at 12.) Plaintiff does not oppose Defendant's motion to strike, (*see* Dkt. No. 29 at 3), and his jury demand is not timely. *See* Fed. R. Civ. P. 38(b), (d); *see also* Fed. R. Civ. P. 81(c). Therefore, Defendant's motion to strike is GRANTED and Plaintiff's jury demand (Dkt. No. 19) is STRICKEN.

[3] Defendant also moves to strike and exclude Plaintiff's response to Defendant's motion. (Dkt. No. 34 at 2.) Although Plaintiff's response was due on March 4, 2018 and was filed on March 6, the parties stipulated to re-noting Defendant's motion to March 15, thereby giving

granted the parties' stipulated motion to continue the trial date in this matter to June 24, 2019. (Dkt. No. 27.)

## II. DISCUSSION

### A. Legal Standard

Where a party fails to make a required disclosure under Federal Rule of Civil Procedure 26(a) or (e), the Court may prohibit the party from using that evidence, order "payment of reasonable expenses, including attorney's fees," or "impose other appropriate sanctions" such as dismissal unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1)(A)–(C). The Ninth Circuit affords district courts broad discretion to issue discovery sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

### B. Dismissal of Action

"Violations of a scheduling order may result in sanctions, including dismissal under Rule 37(b)(2)(C)." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (quoting *Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1073 (9th Cir. 1998)). "Dismissal [of a case pursuant to Rule 37(b)(2)(C)] . . . is authorized only in extreme circumstances and only where the violation is 'due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (internal quotations and citations omitted). In determining whether dismissal is warranted, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. at 433.

The circumstances presented by this case do not warrant dismissal of the entire action. Defendant contends that Plaintiff's willfulness in not timely disclosing Minor's report is

---

Defendant additional time to file a reply. (*See* Dkt. Nos. 21, 25, 29, 32); W.D. Wash. Local Civ. R. 7(2)(d). As Defendant was accorded adequate time to reply to Plaintiff's untimely response, the Court declines to strike and exclude Plaintiff's response.

evidenced by Plaintiff's failure to diligently prosecute his case, comply with the parties' stipulated deadlines, or explain his tardiness. (Dkt. No. 21 at 8.) But in a declaration accompanying his response to Defendant's motion for discovery sanctions, Plaintiff's attorney has explained that the delay in providing Minor's report "was due to [Minor] having to deal with mandatory fire evacuation in California, where he resides." (Dkt. No. 30 at 1.) Although Plaintiff's counsel should have notified Defendant's counsel as to the cause of the delay, the Court declines to conclude that the delay evidences Plaintiff's willfulness.

Further, although Plaintiff's delay in disclosing Minor's report has not served the public's interest in expeditious resolution of this litigation or the Court's need to manage its docket, the prejudice to Defendant has been mitigated by the parties' prior stipulated continuance of the trial date. (*See* Dkt. No. 24.) Defendant will have ample time address Minor's report; in fact, Defendant has since filed a motion to exclude Minor's report and testimony pursuant to *Daubert v. Merrell Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In addition, the public policy of disposing of cases on their merits strongly weighs against dismissal of this action, particularly considering there are less drastic discovery sanctions available to Defendant. (*See* Dkt. Nos. 21 at 10–11, 30 at 1.)

Therefore, Defendant's request to dismiss this case because of Plaintiff's untimely disclosure of Minor's expert report is DENIED.

### C. Other Discovery Sanctions

In the alternative, Defendant requests that the Court exclude Minor's report, continue the trial date and other deadlines in this matter, and award Defendant its attorney fees and costs incurred because of Plaintiff's untimely disclosure of Minor's report. (Dkt. No. 21 at 10–11.)

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly*, 259 F.3d at 1006. The party "facing sanctions bears the burden of proving that its failure to disclose the required

information was substantially justified or is harmless." *R&R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). To determine whether a party has met its burden showing harmlessness, the Court considers: (1) whether there is any prejudice or surprise to the party against who the evidence is offered; (2) whether the prejudice could be cured; (3) the likelihood of disrupting the trial; and (4) any evidence of bad faith. *Mercer Pub., Inc. v. Smart Cookie Ink, LLC*, Case No. C12-0188-JLR, Dkt. No. 77 at 3 (W.D. Wash. 2012) (*citing David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Plaintiff has explained that the delay in disclosing Minor's report was due to Minor "having to deal with mandatory fire evacuation in California, where he resides." (Dkt. No. 30 at 1.) Plaintiff's declaration indicates that Minor did not have an opportunity to avoid the fire evacuations, and presumably the evacuations precluded him from timely completing his report. Thus, the delay in providing Minor's report was substantially justified. Fed. R. Civ. P. 37(c)(1); *Yeti by Molly*, 259 F.3d at 1006. Further, although Plaintiff has not argued that the late disclosure was harmless, the harm to Defendant was mitigated following the parties' stipulation to continue the original trial date. Therefore, Defendant's request to preclude Plaintiff from using Minor's report pursuant to Federal Rule of Civil Procedure 37(c)(1) is DENIED.

Alternatively, Defendant requests a continuance pursuant to Federal Rule of Civil Procedure 37 in order to respond to Minor's untimely report. (Dkt. No. 21 at 11.) After Defendant filed the instant motion, the Court granted the parties' stipulated motion to continue the trial date in this matter and extend discovery deadlines. (Dkt. Nos. 24, 27.) Thus, Defendant's request for a continuance is DENIED as moot.

Defendant also requests an award of its attorney fees and costs incurred as a result of Plaintiff's untimely disclosure of Minor's report. (Dkt. No. 21 at 11.) The Court may order a party to pay the movant's reasonable expenses, including attorney fees, caused by the party's failure to disclose information or a witness pursuant to Rule 26. Fed. R. Civ. P. 37(c)(1)(A). As Plaintiff has provided a reason substantially justifying his late disclosure of Minor's expert report

and the Court has granted the parties' stipulated continuance of the trial date and discovery deadlines in this matter, the Court declines to award Defendant its attorney fees and costs incurred as a result of Plaintiff's untimely disclosure.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for discovery sanctions (Dkt. No. 21) is DENIED.

DATED this 2nd day of April 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE